**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 12 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEFFREY D. TRUJILLO,

      Plaintiff-Appellant,

v.

CITY OF ALBUQUERQUE,

      Defendant-Appellee.

No. 98-2173
(D.C. No. CIV-95-1303-BB)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This is the second time this case has been before us. On the first appeal, the court affirmed the district court's dismissal of Jeffrey Trujillo's pro se complaint raising tort,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

contract, and disability claims, but remanded the Title VII complaint for a determination whether it was timely filed. The only question to be resolved by the district court was whether the complaint was filed before October 30, 1995, the last day for filing under Title VII. *See Trujillo v. City of Albuquerque*, No 97-2125, January 21, 1998.

After an evidentiary hearing at which testimony was presented from district court clerks which conflicted with that of Mr. Trujillo, the magistrate judge to whom the matter was assigned made specific findings that the complaint was filed on October 31, 1995, one day late. Upon the magistrate's recommendation, the district court dismissed the complaint and this appeal ensued.

In this court, Mr. Trujillo restates the same arguments raised in the district court, but makes no attempt to show the magistrate's findings of fact were clearly erroneous. On that basis, we affirm the dismissal.

It is undisputed Mr. Trujillo received his right to sue letter on July 21, 1995. He therefore had to file his action in the district court prior to October 30, 1995. 42 U.S.C. § 2000e-5(f)(1). Despite Mr. Trujillo's claim that he tried to file his complaint on October 27, but was rejected by a district court clerk because he did not have the filing fee, the magistrate judge found pro se pleadings are received by the district court regardless whether the filer can pay the fee. Moreover, the magistrate found, Mr. Trujillo's complaint was actually filed on October 31 and accepted even though he did not pay the filing fee. Findings were also made that no false representations were made

to Mr. Trujillo, nor had misinformation been given to him, and he had not been deceived or mislead.

Mr. Trujillo has failed to show how these findings were erroneous in any way. Therefore, we are bound by them. *Manning v. United States*, 146 F.3d 808, 812 (10th Cir. 1998).

Because resolution of the dispute over the filing date of the complaint was the only matter before the district court following our remand, the remaining arguments advanced by Mr. Trujillo in this appeal are without merit. We therefore **AFFIRM** the judgment of the district court dismissing the complaint.


ENTERED FOR THE COURT


John C. Porfilio
Circuit Judge